## Barnes, et al. v. Ewell, et al.

(Decided October 21, 1913).

### Appeal from Laurel Circuit Court.

1. Contracts—Action to Cancel Contract—Fraud—Evidence.—In an action to cancel a contract for the sale of land, the evidence show-

ing that the vendor cut a large portion of the merchantable timber between the date of the inspection of the timber for the purpose of buying the land, and the date of its purchase, it being alleged that he represented to the purchaser that no timber had been cut since its inspection, even though he did not make the representations as he stated he did not, his failure to inform the purchaser that he had been cutting timber, was such a fraud upon the purchaser as to justify the court in cancelling the contract and granting the relief prayed.

2.   Finding of Chancellor.—The finding of the chancellor will not be disturbed unless the evidence preponderates against it, but in this case his finding is supported by the preponderance of the evidence.

W. L. BRUNER for appllant.

CLAY & BOREING for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

On August 1, 1912, by written contract, the appellants, J. R. Barnes and his wife, Josie Barnes, sold to the appellee, R. L. Ewell and Logan Ewell, 65 acres of land at $6.00 an acre. The contract was signed also by the appellees. By its terms the appellants were to have the land surveyed so that the exact consideration could be ascertained, and were to make and deliver general warranty deed to the appellees on or before January 1st, following. Appellees paid $200.00 in cash at the time the contract was made, and were to pay the balance when the deed was executed.

In September, 1912, appellees filed action in equity seeking to have the contract cancelled, and to recover of appellants the $200.00 consideration paid and to have a lien adjudged them against the land for that amount to secure its payment.

The lower court rendered a judgment granting to appellees all the relief prayed for, and it is this judgment we are asked to review on this appeal.

The petition states that R. L. Ewell in company with appellant, J. R. Barnes, about thirty days before the contract was made, visited the land for the purpose of inspecting the timber with a view to buying the tract, and that J. R. Barnes knew this was the purpose of the inspection; that on the day of the contract, Barnes represented to the Ewells that no timber had been cut from the land since the inspection, and that conditions remained the same as when Ewell last saw it; that these

representations were false and made for the fraudulent purpose of deceiving appellees and inducing them to purchase the land; that between the day of the inspection and the making of the contract, appellants had cut a large portion of the merchantable timber on the land, and on said day of contract they were cutting and removing such timber, and even after the contract was made, they continued to cut and remove such timber until about all of it had been cut and converted to the use of appellants; that this timber had been cut without the knowledge or consent of the appellees; that each of the appellants were insolvent, and they cannot have redress for the $200 which the appellants so fraudulently obtained from them unless they be adjudged a lien on the land.

The appellants answered, but did not deny that the purpose of the Ewells in purchasing the land was to obtain the timber thereon. As to the other allegations the answer was a traverse.

The proof offered by appellees sustained all of the allegations of the petition. Our rule is not to disturb the finding of the chancellor unless the evidence preponderates against it. In this case his finding is supported by a preponderance of the evidence.

While there is some conflict, it is abundantly shown that Barnes cut valuable timber after it was inspected by Ewell, and continued to cut it for some time even after the contract was made, and that he concealed this fact from Ewell, and even instructed his employees cutting the timber to confine their operations to points away from the road so that the Ewells or others passing might not discover it.

Barnes in his testimony denies that he made any representations to either of the Ewells on the day the contract was made, but he does not deny that he continued to cut timber up to that day. He claims, however, to have ceased cutting when the contract was made.

The preponderance of the evidence is against him as to timber cut both before and after the making of the contract. Accepting his statement as true that he made no representations when the contract was entered into, still his silence will have the same effect as a positive statement. He knew why the Ewells were purchasing the timber, and his failure to inform them that he had been cutting the timber ever since it was inspected, and

that he had materially lessened the value of the land, was such a fraud on the rights of the appellees as to justify the court in cancelling the contract and granting the relief prayed for.

The judgment is, therefore, affirmed.